UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK E. LEWIS,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A. and its successors and/or assigns,<br><br>    Defendants. | Civil No. 09CV2444 L (WVG)<br><br>**ORDER GRANTING WITH PREJUDICE DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [doc. #15]** |

    Defendant Bank of America ("BofA") removed this case from the Superior Court for the County of San Diego. Thereafter, the parties agreed for the filing of an amended complaint ("FAC"). BofA now moves to dismiss the FAC. The motion has been fully briefed and is considered without oral argument under Civil Local Rule 7.1(d)(1).

**Discussion**

    The Court first notes that the FAC contained six claims but plaintiff has consented to dismissal of the first, second, fourth, fifth and sixth claims. (Opp. at 4.) The sole remaining claim is for violation of the Truth in Lending Act ("TILA"). In his FAC, plaintiff states that he is "informed and believes that the Defendant failed to provide the Plaintiff with the Federal Truth in Lending Act requirement of TWO Notice of Right to Cancel forms with the transaction date recession [sic] date correctly filled in." (FAC at ¶17.) Defendant contends the TILA claim is barred by the applicable statute of limitations. Plaintiff relies on equitable tolling to maintain

his TILA claim.

### 1. TILA Statute of Limitations

A lender's violation of TILA allows the borrower to seek damages or to rescind a consumer loan secured by the borrower's primary dwelling.  A plaintiff's cause of action for damages under TILA is subject to a one-year statute of limitations, 15 U.S.C. § 1640(e), which runs from the time the loan transaction is consummated.  *King v. State of California*, 784 F.2d 910, 915 (1986).

It is undisputed that the BofA home loan at issue was consummated on August 10, 2007; therefore, the deadline for a damage action on the home loan was August 10, 2008.  The present case was filed on September 25, 2009 in the Superior Court for the State of California, County of San Diego, which makes the TILA claim for damages time barred.

But the Ninth Circuit has held equitable tolling of civil damages claims brought under TILA may be appropriate "in certain circumstances" such as when a borrower might not have had a reasonable opportunity to discover the nondisclosures within the one-year period.  *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986); *Nava v. VirtualBank*, 2008 WL 2873406 at *3 (E.D. Cal. 2008).  It is clear that a plaintiff is not automatically entitled to equitable tolling whenever a creditor fails to provide required disclosures.

In the present case, plaintiff has not offered any facts demonstrating entitlement to equitable tolling.  As stated in his opposition,

> quite simply put plaintiff did not become aware of the TILA violations until two factors occurred, one the plaintiff received the 'forensic audit' of the loan, and two the plaintiff was rejected by the lender for his loan modification request.

(Opp. at 4.)

This allegation is insufficient for the application of equitable tolling.  Plaintiff has not set forth any facts that would support a finding of delayed discovery or the lack of a reasonable opportunity to discover the nondisclosures that form the basis of the TILA action.  *King*, 784 F.2d at 915.

/ / /

/ / /

**2. Conclusion**

Plaintiff's TILA claim is time barred and no factual basis has been alleged that would support equitable tolling. Having had an opportunity to amend the complaint to make factual allegations concerning equitable tolling and having not doing so, **IT IS ORDERED** defendant's motion to dismiss the first amended complaint with prejudice is **GRANTED**. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

DATED: April 5, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL